FILED

OCT 3 2022

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. 1:22-cr-65 TSK MJA |
| MICHAEL D. ALLEN, | Violations: 18 U.S.C. § 1343 |
| Defendant. | 18 U.S.C. § 1957 |

# INFORMATION

The United States Attorney charges that:

## COUNT ONE

(Wire Fraud)

1. On or about March 3, 2011, the defendant, **MICHAEL D. ALLEN**, entered into an agreement with Biafora Holding Limited Liability Company to operate ABB Construction LLC, whose purpose would be to construct commercial buildings.

2. Pursuant to the operating agreement, the defendant was responsible for the management of the ordinary day-to-day construction operations of ABB Construction, LLC.

3. Pursuant to the operating agreement, the defendant was entitled to 33 and 1/3 percent of any profits of ABB Construction LLC, defined by the agreement to mean the net income of the company for federal income tax purposes, determined at the end of each fiscal year.

4. On or about March 15, 2011, ABB Construction LLC organized as a limited liability company with a principal office address in Morgantown, West Virginia.

5. On or about May 5, 2014, ABB Construction LLC began to do business as Accelerated Construction Services.

1

6. Accelerated Construction Services held bank accounts at United Bank for all business purposes, including the deposit of business receipts and the payment of business expenses.

7. The defendant held a bank account at BB&T, titled to him doing business as Accelerated Construction Management.

8. On or about May 6, 2014, in Monongalia County, West Virginia, in the Northern District of West Virginia, the defendant, **MICHAEL D. ALLEN**, devised and intended to devise a scheme and artifice to defraud and obtain money and property from Accelerated Construction Services, by means of materially false and fraudulent pretenses, representations, promises, and omissions, and for the purpose of executing the scheme and artifice to defraud and deprive, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain signs and signals.

## THE SCHEME AND ARTIFICE TO DEFRAUD

9. The object of the scheme and artifice to defraud was for the defendant to defraud and obtain money from Accelerated Construction Services by the defendant converting company funds to his own personal use, to which he was not entitled under the company's operating agreement.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

It was part of the scheme and artifice to defraud that:

10. The defendant would direct, and cause another person to direct, a customer of Accelerated Construction Services to wire a payment to the BB&T bank account of Accelerated Construction Management.

11. The defendant would deposit, and cause another person to deposit, a check payment

from a customer of Accelerated Construction Services into the BB&T bank account of Accelerated Construction Management.

12. The defendant would omit the material information of how the BB&T bank account was titled and that the BB&T account of Accelerated Construction Management was not associated with the operation of Accelerated Construction Services.

## USE OF INTERSTATE WIRE COMMUNICATIONS

13. On or about June 29, 2018, in Monongalia County, in the Northern District of West Virginia, the defendant, **MICHAEL D. ALLEN**, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of a wire communication in interstate commerce a writing and signal.

14. Specifically, the defendant caused a customer of Accelerated Construction Services to wire transfer approximately $587,399.40 to the BB&T bank account of Accelerated Construction Management, which involved a wire communication that originated in or around Snowshoe, West Virginia, and that traveled outside the State of West Virginia before reaching its destination in or around Morgantown, West Virginia.

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

(Unlawful Monetary Transaction)

1. The allegations contained in Count One of this Information are incorporated by reference as though fully set forth herein.

2. On or about July 3, 2018, in Monongalia County, in the Northern District of West Virginia, the defendant, **MICHAEL D. ALLEN**, did knowingly engage in a monetary transaction through and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, specifically activity that violated Title 18, United States Code, Section 1343, referenced in Count One of this Information.

3. Specifically, the defendant sent and caused to be sent a wire transfer of $113,250 to a bank account titled to a jeweler based in Pittsburgh, Pennsylvania, for the purchase of a 5.19 carat diamond ring, which the jeweler shipped to the defendant in Morgantown, West Virginia.

In violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATION

1. The allegations contained in Counts One and Two of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343 set forth in Count One of this information, the defendant, **MICHAEL D. ALLEN**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including a money judgment in the amount of $3,500,000.

3. If any of the property described above, as a result of any action or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

/s/ William J. Ihlenfeld
WILLIAM IHLENFELD
United States Attorney

Jarod J. Douglas
Assistant United States Attorney