**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                         Crim. Action No.: 1:22-CR-65-1
                                          (Judge Kleeh)

**MICHAEL D. ALLEN,**

        **Defendant.**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**CONCERNING PLEA OF GUILTY [ECF NO. 18],**
**ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

On November 7, 2022, the Defendant, Michael D. Allen ("Allen"), appeared before United States Magistrate Judge Michael J. Aloi and moved for permission to enter a plea of **GUILTY** to Counts One and Two of the Information, charging him in Count One with Wire Fraud, in violation of 18 U.S.C. § 1343, and in Count Two with Unlawful Monetary Transaction, in violation of 18 U.S.C. § 1957. Allen stated that he understood that the magistrate judge is not a United States District Judge, and Allen consented to pleading before the magistrate judge.

This Court referred Allen's plea of guilty to the magistrate judge for the purpose of administering the allocution, pursuant to Federal Rule of Criminal Procedure 11, making a finding as to whether the plea was knowingly and voluntarily entered, and recommending to this Court whether the plea should be accepted.

USA v. ALLEN                                                        1:22-CR-65

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY [ECF NO. 18], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING

Based upon Allen's statements during the plea hearing, and the Government's proffer establishing that an independent factual basis for the plea existed, the magistrate judge found that Allen was competent to enter a plea, that the plea was freely and voluntarily given, that Allen understood the charges against him and the consequences of his plea, and that a factual basis existed for the tendered plea.  The magistrate judge issued a *Report and Recommendation Concerning Plea of Guilty* ("R&R") [ECF No. 18] finding a factual basis for the plea and recommending that this Court accept Allen's plea of guilty to Counts One and Two of the Information.

The magistrate judge **released** Allen on the terms of the Order Setting Conditions of Release [ECF No. 13].

The magistrate judge also directed the parties to file any written objections to the R&R within fourteen (14) days after service of the R&R.  He further advised that failure to file objections would result in a waiver of the right to appeal from a judgment of this Court based on the R&R.  Neither Allen nor the Government filed objections to the R&R.

Accordingly, this Court **ADOPTS** the magistrate judge's R&R [ECF No. 18], provisionally **ACCEPTS** Allen's guilty plea, and

2

**USA v. ALLEN**                                                 **1:22-CR-65**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
CONCERNING PLEA OF GUILTY [ECF NO. 18],
ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

**ADJUDGES** him **GUILTY** of the crimes charged in Counts One and Two of the Information.

Pursuant to Fed. R. Crim. P. 11(c)(3) and U.S.S.G. § 6B1.1(c), the Court **DEFERS** acceptance of the proposed plea agreement until it has received and reviewed the presentence investigation report prepared in this matter.

Pursuant to U.S.S.G. § 6A1 et seq., the Court **ORDERS** the following:

1. The Probation Officer shall undertake a presentence investigation of Allen, and prepare a presentence investigation report for the Court;

2. The Government and Allen shall each provide their narrative descriptions of the offense to the Probation Officer by **December 9, 2022**;

3. The presentence investigation report shall be disclosed to Allen, his counsel, and the Government on or **January 18, 2023**; however, the Probation Officer shall not disclose any sentencing recommendations made pursuant to Fed. R. Crim. P. 32(e)(3);

4. Written objections to the presentence investigation report, if any, shall be submitted to the opposing party and to the probation officer on or before **February 1, 2023**;

3

**USA v. ALLEN** 1:22-CR-65

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY [ECF NO. 18], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

5. Responses to objections to the presentence investigation report, if any, shall be submitted to the opposing party and to the probation officer on or before **February 8, 2023**;

6. The Office of Probation shall submit the presentence investigation report with addendum to the Court on or before **March 1, 2023**; and

7. Counsel may file any written sentencing memoranda or statements and motions for departure from the Sentencing Guidelines, including the factual basis for the same, on or before **March 1, 2023**.

The Court further **ORDERS** that prior to sentencing, Allen's counsel shall review with him the revised Standard Probation and Supervised Release Conditions adopted by this Court on November 29, 2016, pursuant to the standing order entered by Chief Judge Groh, In Re: Revised Standard Probation and Supervised Release Conditions, 3:16-MC-56.

The Court will conduct the **Sentencing Hearing** for Allen on **March 15, 2023**, at **10:00 a.m.**, at the **Clarksburg, West Virginia**, point of holding court. If counsel anticipates having multiple witnesses or an otherwise lengthy sentencing hearing, please

4

USA v. ALLEN 1:22-CR-65

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY [ECF NO. 18], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

notify the Judge's chamber staff so that an adequate amount of time can be scheduled.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: November 29, 2022

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA